UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 2 8 2011

Clerk, U.S. District and
Bankruptcy Courts

Antonio Colbert,                     )
                                     )
        Plaintiff,                   )
                                     )
             v.                      )     Civil Action No.   **11 2102**
                                     )
Indiana Gaming Commission/           )
Athletic Division,                   )
                                     )
        Defendant.                   )
                                     )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Under that statute, the Court is required to dismiss a case "at any time" it determines that the complaint fails to state a claim upon which relief can be granted.

Plaintiff lists his address as a Post Office Box in the District of Columbia. He sues the Indiana Gaming Commission in Indianapolis, Indiana, for $20 million "in restitution." In his one-paragraph complaint, plaintiff states that he is bringing this action "[p]ursuant to 18 U.S.C., Sec. 224" and he seeks to hold defendant "liable for illegal infractions that took place on the night of 3/3/09!" Plaintiff alleges only that "a professional boxing contest . . . could've left me severely injured or dead."

The criminal statute plaintiff invokes proscribes bribery in sporting contests; it does not provide a private cause of action. Furthermore, plaintiff's cryptic allegation fails to state a cognizable claim over which this Court may exercise jurisdiction under either 28 U.S.C. § 1331

(federal question) or 28 U.S.C. § 1332 (diversity actions). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted); *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("[A] complaint needs some information about the circumstances giving rise to the claims."). Therefore, the complaint will be dismissed. A separate Order accompanies this Memorandum Opinion.

Beryl A. Howell
United States District Judge

Date: November 17, 2011

2